| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>Arapahoe County Justice Center<br>7325 S. Potomac Street<br>Centennial, CO  80112<br>Telephone:  303-649-6355 | DATE FILED: June 5, 2014 3:11 PM |
| COLORADO HOSPITALITY SERVICES, INC., D/B/A/<br>DAYS INN ENGLEWOOD,<br><br>Plaintiff,<br><br>v.<br><br>OWNERS INSURANCE COMPANY, an Ohio company,<br><br>Defendant. | COURT USE ONLY<br>_____<br>Case Number<br><br>Div. |
| Marie E. Drake, Atty. Reg. No. 30754<br>Angela M. Schmitz, Reg. No. 42065<br>THE DRAKE LAW FIRM, P.C.<br>1621 18th Street, Suite 260<br>Denver, Colorado  80202<br>Telephone:  (303) 261-8111<br>Facsimile:  (303) 261-8199<br>E-Mail: marie@thedrakelawfirm.com<br>         angie@thedrakelawfirm.com | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Colorado Hospitality Services, Inc., d/b/a Days Inn Englewood, by and through its attorneys, The Drake Law Firm, P.C., submits its Complaint against Owners Insurance Company, and in support of its Complaint, states as follows:

### GENERAL ALLEGATIONS

1.    At all relevant times hereto, Plaintiff, Colorado Hospitality Services, Inc., d/b/a Days Inn Englewood ("Days Inn"), is and has been a Colorado company operating a hotel located at 9719 E. Geddes Ave. Englewood, CO 80122.

2.    At all relevant times hereto, Defendant, Owners Insurance Company ("Owners"), is and has been a foreign corporation authorized to do business in the State of Colorado.

3.    Venue is proper pursuant to C.R.C.P. 98 in the District Court in and for the County of Arapahoe.

### FIRST CLAIM FOR RELIEF:
### (Breach of Contract)

4.    Days Inn incorporates its allegations set forth in Paragraphs 1 through 3 of this Complaint as if fully restated here.

5.    Owners issued an insurance policy that provided commercial property insurance coverage to Days Inn ("the Policy"), Policy No. 124632-74040334-12. Days Inn does not have a complete copy of the Policy at this time. A partial copy of the Policy is attached hereto as Exhibit 1.

6.    Under the Policy, Owners agreed to pay for risks of direct physical loss or damage to Days Inn's property insured under the Policy, unless otherwise limited or excluded and to pay all amounts owed for such losses.

7.    Days Inn paid the premiums due on the Policy in a timely manner, and performed all of its duties and responsibilities required under the Policy, or alternatively, it has been excused from performance by Owners' acts, representations, and/or conduct.

8.    On or around June 6, 2012, Days Inn's insured property sustained direct physical loss due to a covered event; namely, a hail storm (hereafter "the Loss").

9.    The Policy was in full force and effect at the time of the Loss.

10.    Days Inn properly submitted a claim, Claim Number 74-4901-2013, to Owners for insurance benefits due under the Policy for the loss and fulfilled all other duties required of it under the Policy.

11.    Owners hired Timothy Phelan, an engineer with PT&C Consulting, to inspect the insured premises.

12.    On November 20, 2013, Mr. Phelan inspected the insured premises.

13.    In a letter dated December 5, 2013, Michael E. Sankey, a Claims Field Representative for Owners, stated that that there was no coverage for the Loss because the investigation by Mr. Phelan of PT&C Consulting had concluded that there was no hail damage to the property.

14.    On April 2, 2014, Ryan Hardesty, an engineer with Hardesty Consulting, LLC hired by Days Inn, inspected the insured property and found hail damage to the insured property.

15.    Owners' denial of coverage constituted a wrongful failure to pay its insured for the covered loss and amounted to a breach of the Policy.

16.     This breach of the insurance contract was and is the direct cause of damage to Days Inn, including, without limitation:

    a.     Loss of Policy benefits owed to indemnify it for the entire loss;

    b.     Costs to repair, restore and/or replace the significant property damage, and future costs to remediate such damage;

    c.     Incidental and consequential damages, within the contemplation of the parties in the event of breach; and/or;

    d.     Other expenses incurred as a result of Owners' breach of its contractual obligations, including costs and fees.

17.     Plaintiff, Colorado Hospitality Services, Inc., d/b/a Days Inn Englewood, is entitled to judgment in its favor and against Defendant, Owners Insurance Company, on its First Claim for Relief for compensatory damages for its losses, including prejudgment interest; costs and reasonable attorneys' fees in accordance with applicable law.

## SECOND CLAIM FOR RELIEF:
### (Common Law Bad Faith)

18.     Days Inn incorporates its allegations set forth in Paragraphs 1 to 18 of this Complaint as if fully restated here.

19.     Under Colorado law, an insurer owes its insured the duty of good faith and fair dealing.

20.     An insurer breaches its duty of good faith and fair dealing when it engages in any of the following conduct:

    a.     Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue and the appraisal process;

    b.     Failing to adopt and implement reasonable standards for the fair investigation of claims arising under insurance policies;

    c.     Failing to complete a reasonable and fair investigation based upon all available information;

    d.     Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

    e.     Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds.

21.     Owners breached its duty of good faith and fair dealing by:

    a.     Refusing to timely and fully pay its insured for the full cost of covered damage to the insured premises;

    b.     Misrepresenting pertinent facts and policy provisions related to coverage at issue by adopting inconsistent and baseless coverage positions;

    c.     Failing to conduct a fair, timely, and thorough investigation of Days Inn's claim;

    d.     Conducting a biased and outcome-oriented claim investigation through the use of third parties;

    e.     Delegating its duty to adjust the loss to an unqualified and/or biased third party;

    f.     Failing to consider the findings of Days Inn's engineer that hail had damaged the insured premises;

    g.     Paying less than the full amount owed in the claim thereby forcing the insured to institute litigation, and incur the fees and costs associated therewith, simply to recover what was properly owed.

22.     As a direct and expected result of Defendant Owners' breach of its duty of good faith and fair dealing, Days Inn has:

    a.     Not received all Policy benefits owed to indemnify it for the entire loss;

    b.     Incurred and will incur in the future costs to repair, restore and/or replace the significant property damage;

    c.     Suffered and will continue to suffer incidental and consequential damages, within the contemplation of the parties in the event of breach; and

    d.     Suffered and will continue to suffer other expenses incurred as a result of Owners' unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, including the fees and costs necessary to litigate.

23.     Plaintiff, Colorado Hospitality Services, Inc., d/b/a Days Inn Englewood, is entitled to judgment in its favor and against Defendant, Owners Insurance Company, on its Second Claim for Relief for compensatory damages for its losses, including prejudgment interest; costs and reasonable attorneys' fees in accordance with applicable law.

**THIRD CLAIM FOR RELIEF:**
**(Bad Faith Breach of an Insurance Contract)**
**CRS §§ 10-3-1115 and -1116**

24.     Days Inn incorporates its allegations set forth in Paragraphs 1 to 24 of this Complaint as if fully restated here.

25.     Under C.R.S. § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

26.     In breach of its duty to Days Inn, Owners, without a reasonable basis, delayed and denied benefits owed to Days Inn by engaging in the following conduct:

   a.     Refusing to timely and fully pay its insured for the full cost of covered damage to the insured premises;

   b.     Misrepresenting pertinent facts and policy provisions related to coverage at issue by adopting inconsistent and baseless coverage positions;

   c.     Failing to conduct a fair, timely, and thorough investigation of Days Inn's claim;

   d.     Conducting a biased and outcome-oriented claim investigation through the use of third parties;

   e.     Delegating its duty to adjust the loss to an unqualified and/or biased third party;

   f.     Failing to consider the findings of Days Inn's engineer that hail had damaged the insured premises;

   g.     Paying less than the full amount owed in the claim thereby forcing the insured to institute litigation, and incur the fees and costs associated therewith, simply to recover what was properly owed.

27.     As a direct and proximate result of Defendant Owners' actions, Days Inn has:

   a.     Not received all Policy benefits owed to indemnify it for the entire loss;

   b.     Incurred and will incur in the future costs to repair, restore and/or replace the significant property damage;

   c.     Suffered and will continue to suffer incidental and consequential damages, within the contemplation of the parties in the event of breach; and

   d.     Suffered and will continue to suffer other expenses incurred as a result of Owners' unfair methods of competition and unfair or deceptive acts or

practices in the business of insurance, including the fees and costs necessary incurred for litigation;

28.    C.R.S. § 10-3-1116 authorizes a first-party claimant whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit.

29.    Plaintiff, Colorado Hospitality Services, Inc., d/b/a Days Inn Englewood, is entitled to judgment in its favor and against Defendant, Owners Insurance Company, on its Third Claim for Relief as authorized by applicable statutes, including prejudgment interest; reasonable attorneys' fees and costs in accordance with applicable law; court costs; and two times the covered benefit.

WHEREFORE, Plaintiff Colorado Hospitality Services, Inc., d/b/a Days Inn Englewood, prays as follows:

A.  On its First Claim for Relief, for judgment in its favor and against the Defendant, Owners Insurance Company, for all unpaid covered benefits owed under the Policy;

B.  On its Second Claim for Relief, for judgment in its favor and against the Defendant, Owners Insurance Company, for all unpaid covered benefits owed under the Policy;

C.  On its Third Claim for Relief, for judgment in its favor and against the Defendant, Owners Insurance Company, for two times the amount of all covered benefits owed under the Policy;

D.  For judgment in its favor and against the Defendant, Owners Insurance Company costs, expert witness fees, and attorneys' fees incurred in prosecuting the claims against Owners Insurance Company;

E.  For judgment in its favor and against the Defendant, Owners Insurance Company other damages resulting from Owners Insurance Company's bad faith, including out-of-pocket expenses, costs of ongoing damages, and exemplary damages resulting from Owners Insurance Company's bad faith refusal to pay for the full loss and damage to Days Inn's property, both real and personal;

F.  For judgment in its favor and against the Defendant, Owners Insurance Company pre- and post-judgment interest; and

G.  For any further relief deemed appropriate by the Court.

**PLAINTIFF DEMANDS TRIAL TO A JURY ON ALL ISSUES SO TRIABLE**

Dated this 5th day of June, 2014.


Respectfully submitted,

THE DRAKE LAW FIRM, P.C.

*s/Marie E. Drake*
Marie E. Drake, Reg. No. 30754
The Drake Law Firm, P.C.
1621 18th Street, Suite 260
Denver, CO  80202
Telephone:  303-261-8111
Fax:  303-261-8199




Plaintiff's Address:
9719 E. Geddes Ave.
Englewood, CO 80112.