IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01857–KMT

COLORADO HOSPITALITY SERVICES, INC., D/B/A DAYS INN ENGLEWOOD,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY, an Ohio company,

    Defendant.

## ORDER

This matter is before the court on "Defendant's Motion for Partial Summary Judgment" (Doc. No. 39 [Mot.], filed May 12, 2015). Plaintiff filed its response on June 5, 2015 (Doc. No. 40 [Resp.]), and Defendant filed its reply on June 19, 2015 (Doc. No. 41 [Reply]).

## STATEMENT OF CASE

Defendant Owners Insurance Company ("Owners") insured Plaintiff Colorado Hospitality Services, Inc., d/b/a Days Inn Englewood ("Days Inn") under a commercial property policy. Days Inn reported on October 25, 2013, that it had sustained property damage due to a hail storm on June 6, 2012. Owners hired Timothy R. Phelan, M.S., P.E., an engineer with PT&C Forensic Consulting Services, P.A. ( "PT&C"), to conduct an independent inspection of the Property. On November 20, 2013, Mr. Phelan inspected the insured premises and issued a letter report dated November 22 stating that the Days Inn property had not sustained any hail damage as a result of the alleged hail storm of June 6, 2012. In a letter dated December 5, 2013,

Michael E. Sankey, a Claims Field Representative for Owners, stated that that there was no coverage for the Loss because the investigation by Mr. Phelan of PT&C had concluded that there was no hail damage to the Days Inn property.

Days Inn hired Ryan Hardesty, a professional engineer with Hardesty Consulting, to inspect the property. Mr. Hardesty conducted an investigation on April 2, 2014. On April 20, 2014, Mr. Hardesty drafted a report in which he reported confirmation of hail damage. On May 5, 2015, Owners sent a letter to Days Inn stating it would not change its coverage position for the claim.

Days Inn filed their case in Arapahoe County District Court on June 5, 2014, and the case was removed to this Court on July 3, 2014. Owners seeks summary judgment on Days Inn's statutory and common-law bad faith claims.

## UNDISPUTED FACTS

1. Owners issued an insurance policy that provided commercial property insurance coverage to Days Inn, Policy No. 124632-74040334-12 ("the Policy"). (*See* Doc. No. 3 [Compl.], ¶¶ 1, 5; Doc. No. 40-1, Aff. of Michael Weiland [Weiland Aff.], ¶¶ 1-4; Doc. No. 40-2 [the Policy].)

2. Days Inn operated a hotel at 9719 E. Geddes Ave. Englewood, CO 80122 (the "Property"). (Compl., ¶ 1.)

3. On October 25, 2013, Days Inn reported that the Property sustained direct physical loss due to a hail storm on June 6, 2012 ( "Alleged Loss"). (Compl., ¶¶ 8–10; Weiland Aff., ¶ 5.)

4.  Owners hired PT&C, which assigned one of its civil engineers, Mr. Phelan, to inspect the insured premises, which he did on November 20, 2013. (Compl., ¶¶ 11–12; Weiland Aff., ¶¶ 5–7.)

5.  Mr. Phelan is a Colorado Licensed Professional Engineer, with at least 13 years of experience in investigating and evaluating hail damage claims. (Doc. No. 40-3, Aff. of Timothy Phelan [Phelan Aff.], ¶¶ 1–5; Doc. No. 40-4 [Phelan CV].)

6.  Owners contacted Mr. Phelan in November 2013 to inspect the Property and determine the extent of hail-related damage, if any, to the Property. (Weiland Aff., ¶¶ 5–7.)

7.  Mr. Phelan reviewed documents and correspondence from the Arapahoe County Assessor's Office and the City of Centennial, and relevant meteorological (specifically, hail) reports; inspected the roof and surrounding property at Days Inn; and took numerous photos documenting what he observed at the Property. (Phelan Aff., ¶¶ 6–7.)

8.  On November 22, 2013, Mr. Phelan issued a report, analyzing his findings and offering his opinions concerning the extent of hail-related damage to the Property. (Phelan Aff., ¶ 8; Doc. No. 40-5 [Phelan's Report].)

9.  Mr. Phelan found that the roof at the Property was not damaged by hail, and that none of the damage he observed was consistent with a June 6, 2012 hail storm, as claimed by the Days Inn. (Phelan's Report, at 2–4.)

10. In a letter dated December 5, 2013, Michael E. Sankey, a Claims Field Representative for Owners, stated that that there was no coverage for the Alleged Loss because the investigation by Mr. Phelan had concluded that there was no hail damage to the property. (Compl., ¶ 13.)

      11.     The Policy contained coverage limits of $1,500,000.  (*See* the Policy at 000142 and 000145.)

      12.     The language of the relevant insurance policy as to property damage coverage states:

> A. We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
>   1. Covered Property, as used in this Coverage Part, means the following types of property for which a Limit of Insurance is shown in the Declarations.
>     a. Building, meaning the building or structure described in the Declarations, . . .

(*Id.* at 000253.)

      13.     The Limits of Insurance coverage relevant to property damage coverage states:

> 4. Loss Payment
>   a. In the event of loss or damage covered by this Coverage Form, at our option, we will either:
>   (1) Pay the value of loss or damaged property;
>   (2) Pay the cost of repairing or replacing the lost or damaged property; . . .

(*Id.* at 000259.)

      14.     The Policy includes specific exclusionary language, stating as follows:

> B. EXCLUSIONS
> 2. We will not pay for loss or damage caused by or resulting from any of the following:
>   d. (1) Wear and tear;

(*Id.* at 000243–44.)

      15.     The Policy also includes specific exclusionary language, stating as follows:

> 3. We will not pay for loss or damage caused by or resulting from any of the following. But if loss or damage by a Covered Cause of Loss results, we will pay for the resulting loss or damage.
>   c. Faulty, inadequate or defective:

> > (4) Maintenance; of part or all of any property on or off the described premises.

(*Id.* at 000245.)

16. Bruce Rahmani, whose business interest, Colorado Hospitality Services, Inc., owns the Days Inn, did not attend the investigation of the Property by Mr. Phelan, has never read the letter report of Mr. Phelan, and has no knowledge of Mr. Phelan's background or qualifications to investigate a hail-damage claim. (Doc. No. 40-6, Dep. of Bruce Rahmani [Rahmani Dep.] at 11:8–12:3, 33:12–35:4, 43:8–44:25.)

17. Michael Lindhurst, a Public Adjuster, whose business interest, C3 Group, represents Days Inn and alleges that a hail storm did hit the Days Inn and caused damage to the Property, did not attend the investigation of the Property by Mr. Phelan, has never personally been on the roof of the Days Inn, and has no knowledge of Mr. Phelan's background or qualifications to investigate a hail-damage claim. (Doc. No. 40-7, Dep. of Michael Lindhurst [Lindhurst Dep.] at 26:17–27:12, 76:7–77:17.)

## STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts

showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c).  A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

When ruling on a motion for summary judgment, a court may consider only admissible evidence.  *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209–10 (10th Cir. 2010).  The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment.  *Concrete Works*, 36 F.3d at 1517.  At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009).  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

## ANALYSIS

To succeed on their common law bad faith and/or statutory bad faith claims at trial, Plaintiff must show that Defendant acted unreasonably in the manner in which it processed Plaintiff's claims or by delaying or denying the claim for benefits.  *Goodson v. Am. Standard Ins. Co.*, 89 P.3d 409, 415 (Colo. 2004) (common law bad faith claim depends on reasonableness of

insurer's actions); *Vaccaro v. Am. Family Ins. Grp.*, 275 P.3d 750, 760 (Colo. App. 2012) ("[T]he only element at issue in the statutory claim is whether an insurer denied benefits without a reasonable basis."). Thus, the reasonableness of Defendant's action is at the heart of these claims.

Defendant argues that it acted reasonably in denying Plaintiff's claim on December 5, 2013. Specifically, Defendant argues that Plaintiff cannot provide evidence of anything that was unreasonable in Defendant's decision to retain Mr. Phelan to perform an investigation into Plaintiff's claim or to rely on Mr. Phelan's findings in denying Plaintiff's claims due to the lack of hail damage at the Property. The court need not decide whether the defendant acted reasonably in the initial denial of the claim, however, because it finds there is a genuine issue of material fact as to whether Defendant acted reasonably in its failure to reconsider the denial of the claim after Plaintiff provided Mr. Hardesty's report on April 20, 2014.

In support of Defendant's position, it relies on *Sipes v. Allstate Indemnity Company*, 949 F. Supp. 2d 1079 (D. Colo. 2013). In *Sipes*, the court determined it was not unreasonable for the insurer not to consider an expert report that was not available at the time it sent its claim denial letter to the insured. *Sipes*, 949 F. Supp. 2d at 1088. However, in *Sipes*, the court noted that the plaintiff did not raise a new claim of unreasonable denial based on the insured's subsequent refusal to reconsider the later-provided expert report. 949 F. Supp. 2d at 1088 n.13. Here, it is clear from the complaint that the plaintiff asserts its bad faith claims based on not only the initial denial of the claim but also on the defendant's alleged failure to consider the findings of Mr. Hardesty. (*See* Compl., ¶¶ 20.f; 26.f.) A bad faith claim against an insurer for its post-claim-denial conduct or for its failure to reconsider the denial of a claim may not survive if the insurer

7

acts reasonably. *See Glacier Constr. Co. Travelers Prop. Cas. Co. of America*, 569 F. App'x 582, 591 (10th Cir. 2014) (granting summary judgment in favor of insurer where the insurer did not "merely refuse" a reconsideration request but, after further investigation, engaged an expert, informed the insured of the experts' interim report, and requested additional documentation); *Saiz v. Charter Oak Fire Ins. Co.*, 299 F. App'x 836, 841 (10th Cir. 2008) (granting summary judgment in favor of insurer where the insurer, upon receipt of additional information, reopened its investigation and but eventually denied the claim). However, in this case, there is a material dispute about whether the defendant acted reasonably in failing to reconsider the denial of the claim after its receipt of Mr. Hardesty's report.

Thus, for the foregoing reasons, it is

**ORDERED** that "Defendant's Motion for Partial Summary Judgment" (Doc. No. 39) is **DENIED**.

Dated this 3rd day of September, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge